# Richmond.

Danville Street Car Co. v. Watkins.

January 18, 1900.

1. Contributory Negligence—*Known Dangers.*—It is the duty of one who is exposed to a known danger, although he may not know the full extent of it, to use ordinary care to protect himself from any injury whatever, and he is guilty of contributory negligence if he is the author of any part of the injury resulting from his failure to exercise such care, or if, by the exercise of such care, he could have avoided the consequences of negligence ascribed to another.

2. Instructions—*Evidence to Support.*—It is error to give an instruction when there are no facts in the case to which it can be applied.

3. Contributory Negligence — *Brakeman—Overhead Wires—Avoiding Known Danger.*—Although it may be negligence in an electric company to permit its wires over a railroad track to hang so low as to interfere with brakemen standing on tops of the cars of the railroad company, yet if a brakeman, well knowing the position of such wires, and without such urgent and imperative necessity as to justify unusual risks, attempts to pass from the top of one car to another while passing under such wire, he is guilty of such contributory negligence as will preclude a recovery from the electric company.

Error to a judgment of the Corporation Court of the city of Danville, rendered October 15, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Berkeley & Harrison* and *Christian & Christian,* for the plaintiff in error.

*Thomas Hamlin,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error sued the Danville Street Car Company for an injury sustained under the following circumstances:

The Southern Railway Company has a side-track extending from its depot on the northeast side of Craghead street in the city of Danville across the said street. The Danville Street Car Company has a track running along Craghead street, which crosses the Southern railroad at grade. The street car line is operated by electricity by means of a trolley wire. At the point where this trolley wire crosses the railroad track it had sagged, so that the distance between the wire and the top of the railroad car was only two feet eight inches. Defendant in error was at the time of the accident a brakeman in the employment of the Southern Railway Company. From his own evidence it appears that it was his duty " to couple and uncouple and side-track, and set brake and take brake off. My principal duty was to follow the rear end of cars in shifting them back toward streets, on top of the cars or on the ground, whichever was necessary." In the discharge of his duty he had frequently crossed this street and was familiar with the position of the wire, and knew that it was necessary to stoop in order to pass under it with safety, though there is evidence tending to prove that upon the occasion of the accident it was unusually low, due to the fact that the poles by which it was supported had given way to some extent. At about 7:40 on the evening of the accident, Watkins was standing upon the shelf just under the brake and about two feet from the top of the car. He had applied the brake, and was moving to apply another brake upon the adjoining car, when he came in contact with the wire, was knocked from the car, and received injuries for which he sues.

The essential facts are that he knew the position of the wire;

that the wire was four feet eight inches above the step upon which he stood, so that by stooping he might easily have passed under it with safety.  There being evidence of negligence upon the part of the Street Car Company in permitting its wires to sag, as was done in this case, and evidence of contributory negligence upon the part of the plaintiff in failing to exercise proper precaution to avoid contact with the wire, the position of which was well known to him, it became necessary for the court to instruct the jury, first, as to the consequences of the defendant's negligence; and, secondly, as to the contributory negligence on the part of the plaintiff.

While the defendant excepted to all the instructions given at the instance of the plaintiff, the error in granting No. 8 seems to be insisted upon.  It is as follows:

" The court instructs the jury that if they believe from the evidence in this case that the plaintiff Watkins was ignorant of the danger that might result from contact with the electric wire of the said defendant over the cars of the railway company, on which he was employed, the law does not require of him the same degree of care that would be required if he knew of the danger."

Watkins states in his evidence that he knew nothing about electricity, had never been in a power-house, and did not know what effect it would have; that he did not know that contact with a wire charged with electricity would have any effect other than would be caused by contact with any other wire suspended over a street.

We are indisposed to entertain at this day, when electricity is so generally applied as a motive power to machinery, a plea of ignorance of its dangerous properties, and it is unnecessary to do so in this case.  Watkins, without doubt, knew that coming in contact with this wire subjected him to peril, for in the position which he occupied it would necessarily throw him from the car

or between the cars, or under the wheels. It cannot now be said to what extent his injuries are to be apportioned between the shock which he received by being thrown from the shelf upon which he stood, and that which was communicated to him by the electric current. It was his duty to exercise ordinary care to prevent any injury whatever to himself, and he was guilty of contributory negligence if he was himself the author of any part of the injury of which he now complains, or, if by the exercise of reasonable care upon his part, he could have avoided the consequences of the negligence ascribed to the defendant.

The instruction under consideration, however, seems to proceed upon the idea that his ignorance of the peculiar danger attending contact with an electric wire extenuated or excused his fault in failing to exercise that reasonable care which would have enabled him to pass beneath the wire with entire safety. Defendant in error cites in support of instruction numbered 8 the case of *Giraudi* v. *The Electric Imp. Co.*, 28 L. R. A. 596, but we do not think that case bears out his contention, for the facts show that Giraudi was ignorant of the position of the wire, and upon that the case turns, and not upon his want of knowledge of the danger incident to contact with an electric wire.

The eleventh instruction, given at the instance of the plaintiff, is as follows: " The court instructs the jury that if they believe from the evidence in this cause, that the plaintiff was guilty of negligence, and although that negligence may in fact have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse it."

This instruction embodies a familiar principle, and as a proposition of law is free from objection, but there are no facts in this case to which it can be applied. The plaintiff was in the employment of the Southern Railway Company, and he claims to have been injured by the negligence of the Street Car Company. Not

only is there no evidence that the defendant, after the negligent act of the plaintiff, which it is claimed contributed to his injury, could by the exercise of ordinary care have avoided the mischief which happened, but in the nature of things it was impossible for it to have done so. It had no notice or knowledge that the plaintiff, who was in the daily habit of passing with safety underneath this wire, would upon this particular occasion neglect the obvious precaution necessary to his safety; and between the contributory negligence and its consequences, no human foresight or power could have interposed.

Another error assigned is to the refusal of the Corporation Court to give the following instruction asked for by plaintiff in error:

" The court instructs the jury that although they may believe from the evidence in this cause that the said defendant company was guilty of negligence in the manner of constructing or maintaining its electric wire over and above the track of the Southern Railway Company, still plaintiff had no right to attempt to pass from one car to another while the cars were passing under the said wire if in so doing he increased the danger of an accident from the said wire, and if from the evidence in the case they believe that the said plaintiff did attempt to pass from one car to another while passing under said wire, and by so doing did increase the danger and chance of the accident, he cannot recover in this case, and the jury must find for the defendant."

That instruction correctly propounds the law and should have been given. The defendant in error, it is true, states that he was in the performance of a necessary duty at the time of the accident. He had set one brake and was passing to another in order to facilitate the disposition of the train and prevent the blocking of the street, which it seems would have subjected the railway company to a fine; but this duty was not so urgent and

imperative as to justify any unusual risk, and certainly it is not sufficient to excuse the defendant in error for his failure to take proper precaution for his own safety, or to warrant the assumption on his part of an additional hazard. As we have said, there was evidence tending to show negligence upon the part of the electric company; there was evidence tending to show contributory negligence upon the part of Watkins, and a case was therefore presented in which it was necessary to instruct the jury upon the law of negligence and of contributory negligence upon both phases of the proof.

For these reasons, we think instruction 8 given at the instance of the defendant in error was erroneous; that instruction 11 was misleading, there being no evidence to warrant it; and that the court also erred in refusing to give instruction 6 asked for by plaintiff in error.

We refrain from any expression of opinion upon the evidence, as the case must go back for a new trial.

The judgment of the Corporation Court is reversed.

*Reversed.*